PER CURIAM.
The defendant, Ronnie Ray Martin, age 27, was indicted for first degree murder. Pursuant to a plea agreement, the defendant pled guilty to an amended charge of *924 attempted second degree murder. The plea agreement provided that defendant could be sentenced to a maximum of 30 years at hard labor. The state further agreed to dismiss two pending counts of simple burglary and two pending counts of forgery. The defendant was thereafter sentenced to 30 years at hard labor, which sentence he now appeals as excessive. We affirm.
On July 12, 1989, the defendant, along with Dewayne Hill and Tameshia Russell, robbed and murdered Elnora Coon. Ms. Coon was acquainted with Ms. Russell and therefore granted Russell, Hill, and Martin access to her home. Ms. Coon, an elderly woman, was robbed, severely beaten, and strangled to death. Hill was convicted of second degree murder and sentenced to life in prison without benefit of probation, parole, or suspension of sentence. Ms. Russell was sentenced to consecutive sentences of seven years at hard labor for simple robbery and five years at hard labor as an accessory after the fact to first degree murder.
In sentencing defendant Martin, the trial court clearly complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, and we do not find the 30-year hard labor sentence imposed to have been an abuse of discretion. The trial court clearly considered the mitigating factors present. This was Martin’s first felony, he cooperated with law enforcement officials, was of assistance in securing convictions of his co-defendants, and it was apparently Hill, not Martin, who actually murdered Ms. Coon. Nevertheless, the record indicates that Martin was a principal to the first degree murder and if so convicted could have been sentenced to death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant was the recipient of a very favorable plea agreement, limiting his sentencing exposure to 30 years at hard labor and further resulting in the state’s dismissal of four other pending felony charges. In light of this plea bargain and the heinous nature of the crime, we do not find the 30-year hard labor sentence to be excessive. Accordingly, it is affirmed.
AFFIRMED.